McMillan *v.* Wm. S. Miller Company et al.,
Appellants.

Argued April 29, 1942.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*S. H. Torchia,* with him *Ralph H. Behney* and *Claude
T. Reno,* Attorney General, for appellants.

*Edward P. Curran,* for appellee.

OPINION BY BALDRIGE, J., July 23, 1942:

The claimant in this workmen's compensation case was injured in the course of his employment on March 7, 1939. An agreement was entered into providing for compensation at the rate of $18 per week from March 14, 1939, and compensation was paid until September 19, 1939. The State Workmen's Insurance Fund, the employer's insurer, petitioned for a termination of the agreement on December 19, 1939, alleging that the claimant's disability had ceased and he had suffered no loss of earning power. The only disputed issue of fact was whether the claimant was disabled between September 19, 1939, and April 23, 1940. The referee, after a hearing of the testimony offered by both parties, entered an order terminating the agreement as of September 19, 1939, which action was affirmed by the compensation board.

The court below on May 3, 1941, in affirming the board's action, was entirely right in stating that it had no power to alter the facts as found by the referee and the board based upon competent and substantial evidence and made an order dismissing an appeal from the board's findings. The claimant then presented a petition alleging that there was undisputed medical testimony that justified the sustaining of his appeal and asked the court to reconsider the case. The court thereafter made the following order: "And now, this 30th day of June, 1941, the order entered on May 3, 1941 is vacated, the appeal is reinstated, and it is now ordered that the record in this case be referred back to the Workmen's Compensation Board with instructions to take such action as the facts and justice require, not inconsistent with this opinion."

Thereupon the board, after giving further consideration to the case, said in the course of its opinion that

it could not pass upon the merits of the case by considering the medical testimony only as other witnesses testified "that the work claimant performed from September 19, 1939, was not of a light nature, ...... and certainly discloses, irrespective of medical opinions, that claimant was not disabled when he engaged in the type of work above recited and as testified to in the record. We republish our previous opinion of November 21, 1940, as our views remain the same after again reading and considering this record. We cannot accede to the wishes of the court, as expressed in its opinion above referred to."

The court below in sustaining exceptions filed to the board's decision, relied upon the testimony of the claimant's doctor holding that as it was not contradicted it must be accepted as true and found that a 50% disability existed to April 23, 1940. Judgment was entered accordingly in the sum of $617.88 against the defendant.

It is apparent that the court in finding that the claimant was entitled to compensation for partial disability and fixing the degree thereof, assumed to weigh facts and determine the credibility of witnesses. This was contrary to law. A court does not have the right to substitute its findings for those of the board; its only function is to decide matters of law: *Shumkas v. P. & R. C. & I. Co.*, 101 Pa. Superior Ct. 401; *Telario v. Jefferson and Indiana Coal Company*, 105 Pa. Superior Ct. 305, 161 A. 486; *Paulin v. Williams & Company, Inc. et al.*, 122 Pa. Superior Ct. 462, 186 A. 415, affirmed by the Supreme Court in 327 Pa. 579, 195 A. 40; *Tomshuck v. Wallin Concrete Corporation et al.*, 146 Pa. Superior Ct. 390, 394, 23 A. 2d 74. Medical testimony alone does not necessarily establish the merits of a case. If it were the determining factor of a claimant's degree of disability it would be binding upon the fact finding bodies and that is not the case: *Winters v.*

*State Workmen's Insurance Fund,* 136 Pa. Superior Ct. 293, 300, 7 A. 2d 112.

The board, after considering the conflicting testimony of the witnesses, found that the claimant's disability did not extend beyond September 19, 1939. Neither the lower court nor this court has the right to interfere with those findings based as they were upon competent substantial evidence.

The judgment of the lower court is reversed and is now entered for the appellant.