## Bradley *v.* Chester Materials Company et al., Appellants.

Argued November 17, 1942.

Before KELLER, P. J., CUNNINGHAM, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Herbert A. Barton,* with him *Swartz, Campbell & Henry* and *Robert W. Beatty,* for appellants.

486

*Guy G. deFuria,* for appellee.

OPINION BY HIRT, J., February 1, 1943:

Claimant, following her husband's death on June 20, 1940, filed a claim for compensation alleging that he died from accidental injury while in the employ of defendant. On June 16, 1940, decedent was repairing a steam boiler for the defendant and while replacing tubes inside the boiler, it is alleged that he was overcome by heat exhaustion. Both the referee and the board, without deciding the question of fact whether there was an accident, concluded that claimant was barred, in any event, because his relation to defendant was that of an independent contractor and not an employee. The lower court on appeal assumed the function of the board and found facts, among them, that decedent came to his death from accident, and on its conclusion that he was then an employee in the regular course of defendant's business, remitted the record and directed that the "Workmen's Compensation Board ...... make an award of compensation in accordance with the facts and the law as determined by this court and expressed in its opinion." (We have had occasion to comment on similar procedure in *McMillan v. Wm. S. Miller Co.,* 149 Pa. Superior Ct. 241, 27 A. 2d 735). The order will be reversed.

Defendant's business was the sale of sand, gravel, cement and other road and paving materials on a large scale. It had six pieces of mechanical equipment, operated by steam boilers which it used in its business. Decedent was a boiler maker and for many years, on occasion, had made boiler repairs for defendant and for other industrial concerns. During February and March, in 1940, he worked a total of 138 hours repairing boilers for defendant, and 36 hours in June. On Saturday, June 15, one of the boilers was leaking and decedent was called by defendant to make the repair;

his only instructions were to have the repair completed by the following Monday morning. The alleged accident occurred on Sunday.

. Decedent, whenever called by defendant, charged for his services at an hourly rate and punched a time clock on arrival and on leaving for the day. He was carried on defendant's payroll and was covered by a policy of Workmen's Compensation insurance along with all of defendant's employees; defendant also made payments on his behalf under the Unemployment Compensation Law and the Social Security Act. Compensation insurance carried for the benefit of a workman as well as Social Security and other like payments for his benefit, are some evidence of an employer-employee relationship but are not conclusive of the question. *Gailey v. S. Workmen's Ins. Fund,* 286 Pa. 311, 133 A. 498; *Healey v. Carey, Baxter & Kennedy, Inc.,* 144 Pa. Superior Ct. 500, 19 A. 2d 852. Defendant may have treated decedent as an employee in these respects, as a cautionary measure, to avoid the responsibility of defending an action such as this. Whether one is an employee, entitled to compensation, under the definition of the act or an independent contractor, not within the act, often presents a close legal question. An employer well might consider it to his advantage to insure himself against the consequences of a wrong decision in determining whether one, whose legal status is doubtful, is an employee or an independent contractor. The significance of these facts, in any view, was for the compensation authorities and they found against claimant.

Boilers and machinery were necessary in defendant's business to handle the material efficiently. Repair of machinery used in the operation of a business "if not of a kind usually performed by or under the control of the person conducting the business, would be outside the regular course thereof": *Callihan v. Montgomery,* 272 Pa. 56, 72, 115 A. 889. It is otherwise where such

work is entrusted to a regular employee. *Hauger v. Walker Co.*, 277 Pa. 506, 121 A. 200. If not made a part of an employer's business, repairs are a proper subject for an independent contract. Defendant in this case might have, but did not make the repair of its boilers a part of its business. Decedent's occupation or business was distinct from that of the defendant's. He was paid by the job on an hourly basis by all of the industrial concerns where he worked and was not in the regular employ of any of them. The need for his services was occasional on failure of a boiler and was not continuous. In his relation with the defendant he was employed to accomplish a definite result, i. e., to repair a particular boiler and not to make repairs generally. True, the work was of a type usually performed by a specialist which defendant may or may not be qualified to supervise or direct. But the fact remains that defendant did not supervise the work nor reserve the right of supervision, and the board so found. Though he worked on an hourly basis he fixed his own working hours and was responsible to defendant only for the result of his work. The clock which he punched was his timekeeper, providing a convenient means of computing the amount he was entitled to receive for each job.

Resolving all reasonable inferences in favor of claimant the testimony supports the conclusion that the defendant, in this case, reserved no control of decedent over the means of accomplishment but merely as to the result of his work; the employment of claimant's husband was independent; the relation was that of contractee and contractor and not master and servant. *Healey v. Carey, Baxter & Kennedy,* supra; *Sechrist v. Kurtz Brothers,* 147 Pa. Superior Ct. 214, 24 A. 2d 128; *Gravatt v. Workmen's Ins. Fund,* 140 Pa. Superior Ct. 435, 14 A. 2d 143; *Gailey v. S. Workmen's Ins. Fund,* supra; *Beals v. State Workmen's Ins. Fd.,* 131 Pa. Su-

perior Ct. 418, 200 A. 178; *Smith v. State Workmen's Ins. Fund*, 262 Pa. 286, 105 A. 90. Claimant, therefore, is not entitled to the benefits of the Compensation Act.

Order reversed and judgment is directed to be entered in favor of defendant.