## Knight, Appellant, *v.* Millard et al.

384

Argued November 17, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, HIRT, KENWORTHEY and RENO, JJ. (RHODES, J., absent)

*Christian R. Gingrich,* for appellant.

*Eugene D. Siegrist,* for appellee.

OPINION BY HIRT, J., January 27, 1944:

Claimant a laborer in defendant's limestone quarry was injured on January 18, 1937 and entered into a compensation agreement for total disability. On August 31, 1938, defendant petitioned for a modification of the agreement alleging that the disability attributable to the accident had become less than total. The referee dismissed the petition and the board affirmed. Payments for total disability were then resumed and were continued until June 2, 1941, when defendant again petitioned for a reduction. After hearing, at which the testimony taken on the first petition was made a part of the record by agreement, the referee found that claimant's disability from accident was no more than 50%

and modified the agreement accordingly. The board reversed the referee and dismissed defendant's petition. The court in turn reversed the board and remitted the record for further hearing to determine the "extent of partial disability of claimant." The order will be reversed.

Claimant, then 63 years of age, fell from a ladder to a concrete floor. There is no dispute that he suffered a compressed fracture of the 11th and 12th dorsal vertebrae. A brace was applied to the back to aid in fixation of the injured vertebrae. Thereafter claimant was unable to do any work because of pain in his right side and shortness of breath. At the first hearing, in 1939, by the unanimous opinion of all the medical witnesses, it was established that three pre-existing conditions were present at the time of the injury: a low grade chronic myocarditis; arteriosclerosis; and fibrosis of the lungs. These had not progressed to a disabling stage and in spite of them claimant had been able to do the work of a laborer. By defendant's medical witnesses it was established that the trauma further reduced the efficiency of the heart and lungs; that the injury had a marked disabling effect by restricting the thoracic cage thus causing shortness of breath. In addition, and unrelated to existing disease, claimant because of pain from the injury was unable either to stand or sit for any length of time. It was the opinion of the medical witnesses that but for the injury he could have continued his work as a laborer.

At the hearing in the present proceeding two medical witnesses found claimant's breathing much improved. Claimant had discarded the brace and it was their opinion that the fracture had healed with a fixation of the vertebrae. The opinion was based on a clinical examination; no x-ray examination was had to confirm it—a circumstance of some significance in the opinion of the board. Defendant owns a number of farms and

had offered claimant regular work cutting weeds with a scythe, gardening and mowing lawns at a fixed rate of pay, six or eight hours a day—"whatever length of time he felt that he could reasonably perform." It was understood however that this was not an offer of a gratuity or pension but that claimant would be expected to earn his pay. It was the opinion of defendant's witnesses that claimant could do such work, based to some extent on their examination but principally upon the fact that one of them had seen claimant pushing a hand cultivator in a garden at his home.

The garden was a small patch 40 x 50 feet. Claimant had help in preparing the soil but admitted that he cared for the garden by working intermittently for short periods of but a few minutes. He did no other work. It is conceded that there is a permanent concaved deformity of his back and that he cannot stoop or lift weights or do work involving twisting of his body. He said he still suffers pain and because of it he is unable to be on his feet for any length of time without frequent periods of rest. Caring for this garden involved but a few hours of work each week. Many such gardens are efficiently worked by men disabled by advanced age or injury who because of physical limitations are unable to undertake regular employment. The board not improperly characterized claimant's work as "puttering in a bean patch." It does not follow that he was able to do the work offered him by defendant and the finding is that he could not.

The board found "that a change from total disability has not been proved", which is the equivalent of saying that defendant had not met the burden of changing claimant's status as established by the agreement. *Brown v. Union Collieries Co.*, 153 Pa. Superior Ct. 293, 33 A. 2d 786. The board was not bound to accept the medical testimony. There is nothing conclusive in even expert opinion evidence. *McMillan v.*

*Wm. S. Miller Co., et al.,* 149 Pa. Superior Ct. 241, 27 A. 2d 735. The testimony of claimant was sufficient to sustain the order of the board. Under the circumstances he was not obliged to accept defendant's offer and to demonstrate that he could not do the work, with forfeiture of his right to maximum payments of compensation as an alternative. His testimony accepted by the board indicates that he is still totally disabled and places him in the second class of employees as defined in *Early v. Phila. & Reading C. & I. Co.,* 144 Pa. Superior Ct. 301, 19 A. 2d 615. "Neither the court below nor this court has the authority to set aside the board's findings and substitute other ones, even though certain evidence in the record, if accepted and followed, might sustain different findings": *Astudas v. Gen. Cement Prod. Co.,* 154 Pa. Superior Ct. 60, 35 A. 2d 763. The lower court did not remit the record on questions of law but, in effect, on its estimate of the weight and probative force of the testimony. This was error.

Order reversed and that of the board reinstated.

KELLER, P. J., is of the opinion that claimant should have tried the very fair offer of his employer.