Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Elizabeth Woods *v.* Bond Transport, Inc. and Continental Insurance Company, Insurance Carrier, Appellants.

Argued October 30, 1975, before President Judge BOWMAN and Judges ROGERS and BLATT, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellants.

*Doris A. Smith,* with her *Brown & Cotton,* and *James N. Diefenderfer,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, November 25, 1975:

This case is an appeal by Bond Transport, Inc., and its insurance carrier (appellants) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting compensation pursuant to a fatal claim petition. We affirm.

In the early morning hours of October 30, 1972, Hewlett Woods (Woods) was operating a tractor-trailer, which he owned, eastbound on the Pennsylvania Turnpike. Because of a rapidly deflating right front tire, he attempted to maneuver the rig to the berm of the road. However, being preoccupied with trying to control the vehicle, Woods failed to apply the truck's brakes. Consequently, the tractor-trailer struck a number of guard rails and plunged down an embankment, fatally injuring Woods. At the time of the mishap, Woods was hauling steel coils for Bond Transport, Inc., under an equipment lease agreement, dated February 14, 1972, whereby Woods leased his tractor-trailer to Bond and was the driver thereof.

Elizabeth Woods, spouse and sole dependent of Woods, filed a fatal claim petition against Bond on April 30, 1973. Hearings were held before a referee who then awarded compensation finding as fact and concluding as a matter of law that the relationship between Bond Transport, Inc., and Woods was one of employer-employee. Other findings of fact made by the referee included:

"NINTH: The Lease Agreement between Bond Transport, Inc. and Hewlett Woods, dated February 14, 1972, inter alia, provided that:

'For the duration of this lease, OWNER leases Equipment unto CARRIER for CARRIER'S exclusive possession, control, use, and responsibility.

'. . . and unless specifically authorized in writing by an official of the Bond Transport, Inc. no driver shall transport any person or permit any person to be transported on the motor vehicle at such times as the motor vehicle is being operated under the authority and about the business of the Bond Transport, Inc., but no written authorization will be necessary for the transportation of employees or other persons assigned to the motor vehicle by the Bond Transport, Inc.'

The Bond Transport, Inc. is identified as the CARRIER and Hewlett Woods as the OWNER.

"TENTH: The person driving the leased vehicle was required to obtain from Bond Transport, Inc., and receipt for, a set of Driver Instructions which included instructions as to what to do when picking up shipments, when freight has been damaged, when shipments are refused, when shipments are reconsigned, in cases of accident, regarding unauthorized passengers, inspection requirements, delayed loads, and regarding interline shipments.

"ELEVENTH: The decedent was carried as an employee on the records of the Bond Transport, Inc.,

applicable federal and state tax deductions were made from the amounts due to the decedent, and unemployment compensation was paid for him. The decedent was covered by Workmen's Compensation insurance obtained and paid for by Bond Transport, Inc. The decedent was included in the Group Insurance Policy as an employee which Bond Transport, Inc. maintained with the Prudential Insurance Company. Life insurance on the decedent was included in the group insurance coverage.

"TWELFTH: W-2 forms for the decedent as an employee were filed by Bond Transport, Inc. showing withholding for federal income tax purposes.

"THIRTEENTH: The Bond Transport, Inc. did determine the loads to be hauled, the consignees, the rules and regulations which were to be followed by the decedent in the course of his performance, and had the right to control his manner of performance."

An appeal was taken to the Board which, without hearing additional evidence, affirmed the referee. The case is now before this Court on the sole issue of whether the referee's finding that Woods was an employee of Bond Transport at the time of the accident is supported by competent evidence. Appellants, arguing in the negative, urge that Woods was an independent contractor and cite our decision in *J. Miller Co. v. Mixter*, 2 Pa. Commonwealth Ct. 229, 277 A.2d 867 (1971), as controlling.

Whether a relationship can be characterized as one of employer-employee is dependent upon the facts of each case. However, certain indicia have been set forth to aid in the determination, chief of which is the right to control the work to be done and its means of accomplishment. *Barr v. B & B Camper Sales*, 7 Pa. Commonwealth Ct. 323, 300 A. 2d 304 (1973. Moreover, the carrying of an individual as an enmployee on company payrool records, as well as the deduction of income taxes and social security contributions from his earnings, the payment of unem-

ployment compensation for him, and his inclusion in workmen's compensation and other insurance coverage held by the company, are some evidence, albeit not conclusive, of an employer-employee relationship. *Bradley v. Chester Materials Company,* 151 Pa. Superior Ct. 485, 30 A.2d 206 (1943). It is clear that the findings of fact made by the referee quoted above fall within the parameters of the foregoing guidelines.

In workmen's compensation appeals, where the referee has found in favor of the party carrying the burden of proof and the Board has not taken additional evidence, this Court's scope of review is limited to a determination of whether constitutional rights have been violated, an error of law committed, or any necessary findings of fact unsupported by substantial evidence. *Workmen's Compensation Appeal Board v. Navajo Freight Lines, Inc.,* 19 Pa. Commonwealth Ct. 25, 338 A.2d 766 (1975). Furthermore, we are mindful of the general proposition that "neither the compensation authorities nor the court should be solicitous to find contractorship rather than employment, and that inferences favoring the [workmen's compensation] claim need make only slightly stronger appeal to reason than those opposed." *Diehl v. Keystone Alloys Company,* 398 Pa. 56, 59, 156 A.2d 818, 820 (1959); *accord, Workmen's Compensation Appeal Board v. Navajo Freight Lines, Inc., supra.*

Our review of the record indicates that the above-quoted findings by the referee are grounded upon substantial evidence and thus provide a competent basis for his concluding Woods to be an employee of Bond Transport, Inc. Moreover, there has been no violation of constitutional rights or error of law committed. Consequently, we are compelled to affirm.

We disagree with appellants that the instant case is controlled by *J. Miller Co. v. Mixter, supra,* in which we found a contractor-contractee relationship existed between parties who entered into a contract virtually iden-

tical to the present lease agreement. There, Judge MEN-CER, speaking for the Court, stated:

"It is significant to note that in paragraph 8 of the contract Mixter [the claimant] did agree to pay wages and charges incident to coverage of 'workmen's compensation, unemployment insurance, social security or other similar taxes, insurance or benefits on the operator, drivers and helpers. . . .' The claimant was paid 74.5% of the gross, weekly, in accordance with the lease agreement, *without any deductions by the defendant carrier for social security or any other withholding items.*" *Id.,* 2 Pa. Commonwealth Ct. at 234, 277 A.2d at 870. (Emphasis added.)

The facts in the current controversy, however, are contrary to those in *Mixter*. Despite the language of paragraph 8, Bond Transport voluntarily provided various insurance benefits to Woods and made social security and other withholding deductions from his earnings.

Further, we reject appellants' contention that other facts in this case require a reversal of the Board and referee. As examples, appellants emphasize that the lease agreement expressly designated Woods' relationship with Bond Transport as one of independent contractor; that Woods worked irregular hours; and that he selected his own travel routes. While we recognize that these factors are indicative of contractorship, the preponderance of the evidence herein dictates an employment relationship.

Accordingly, we enter the following

ORDER

Now, November 25, 1975, the order of the Workmen's Compensation Appeal Board at Docket No. A-68934, dated March 6, 1975, affirming a compensation award to be paid by Bond Transport, Inc., and/or its insurer, Continental Insurance Company, to Elizabeth Woods, is hereby affirmed.