Jesse Davidson, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Leo DeLeon and Thomas J. Dugan, Respondents.

Argued March 8, 1979, before Judges WILKINSON, JR., MENCER and DISALLE, sitting as a panel of three.

*William H. R. Casey*, with him *Liederbach, Eimer & Rossi*, for petitioner.

*John P. Knox*, with him *Curtis Wright*, and *Timoney, Knox, Hasson & Weand*, for respondents.

OPINION BY JUDGE WILKINSON, JR., April 16, 1979:

This appeal is from the disallowance of workmen's compensation benefits to a professional jockey (claimant) from the owner of the horse he was riding at the time of the accident during a thoroughbred horse race. The issue raised is the question of whether the jockey is an employee of the owner or is an independent contractor. The referee, after making 14 findings of fact, followed by a discussion of the law, and four conclusions of law, found the relationship to be that of an independent contractor and dismissed the claimant's petition. His second and third conclusions of law were:

2. Considered in its totality, the Claimant has not established by substantial competent evidence that he was an employee of the Defendants at the time of his injury.

3. Defendants have established by substantial competent evidence that the significant factors to be used in determining Claimant's status

establish that he was an independent contractor, and not an employee of the Defendants.

The referee's findings, conclusions, and order were affirmed by the Workmen's Compensation Appeal Board (Board). We affirm.

The law with regard to determining whether a relationship for purposes of workmen's compensation benefits is either employer-employee or independent contractor was ably set forth by Judge MENCER in *J. Miller Co. v. Mixter*, 2 Pa. Commonwealth Ct. 229, 232, 277 A.2d 867, 869 (1971). As quoted in the Board's opinion:

> The courts have not formulated a hard and fast definition for the determination of whether any given relationship is one of independent contractor or that of employer-employee. They have, however, set forth indicia of such relationship to be used as guides in making such a determination, some of which are: Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is a part of regular business of the employer, and also the right of employer to terminate the employment at any time. Feller v. New Amsterdam Casualty Co., 363 Pa. 483, 70 A.2d 299 (1950); Johnson v. Angretti et al., 364 Pa. 602, 73 A.2d 666 (1950). These indicia are not to be considered as circumstantial in nature and whether some or all of them exist in any given situation is not absolutely controlling as to the outcome; each case must be determined on its own facts.

The first and probably most important factor is control of the manner in which the work is accomplished, *i.e.*, the way the horse is ridden. Here there is substantial evidence, albeit inconclusive, on which the referee can base his finding that the actual control of the way in which the horse was to be ridden was in the jockey. The results of the race determined claimant's pay. Great skill was needed and was possessed by the claimant. Claimant supplied the tools, *i.e.*, saddle and other equipment. Payment is by the job not by time. With regard to the right to terminate the employment during the course of the "work," as a practical matter this factor is unimportant since the entire term is two minutes and the jockey is out of communication with the owner this entire time.

Most cases from other jurisdictions are unpersuasive since they frequently turn on the local law of burden of proof and always involve findings of fact in each case. In California where the burden is on the employer to establish the relationship of independent contractor, the decision was for the jockey, *i.e.*, employer-employee. *Isenberg v. California Employment Stabilization Commission,* 30 Cal.2d 34, 180 P.2d 11 (1947). In the instant case the burden is on the claimant to establish the employer-employee relationship.

On the other hand, Maryland denies workmen's compensation to a "free-lance" jockey on the basis that he is a casual employee. *East v. Skelly,* 207 Md. 537, 114 A.2d 822 (1955).

Of the cases outside Pennsylvania the one most persuasive is *Clark v. Industrial Commission,* 54 Ill. 2d 311, 297 N.E. 2d 154 (1973), finding on facts quite similar to the instant case that an independent contractor relationship existed. That case was appropriately quoted and relied upon by the referee.

Having had the benefit of well-prepared briefs and well-presented arguments from counsel for both petitioner and respondent, and having carefully reviewed the rather brief record, we conclude that the record and the law supports the findings of fact of the referee and the conclusions of law as affirmed by the Board.

Accordingly, we will enter the following

ORDER

AND Now, April 16, 1979, the order of the Workmen's Compensation Appeal Board at Docket No. A-73199, dated April 13, 1978 dismissing claimant's appeal is affirmed.