Lewis H. Reynolds, Petitioner *v.* Gary Reihart and Hartford Insurance Group, Respondent.

Argued October 1, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Julius E. Fioravanti,* for petitioner.

*James K. Thomas, II,* with him *Thomas and Thomas,* for respondent.

OPINION BY JUDGE MENCER, December 11, 1979:

Lewis H. Reynolds (claimant), a professional journeyman jockey, appeals an order of the Workmen's Compensation Appeal Board (Board) denying him compensation for injuries incurred during a race at Penn National Race Course, while riding a horse owned by Gary Reihart (defendant). Both the referee and the Board found that claimant was an independent contractor at the time of his injury and thus not an employee within the meaning of Section 104 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §22. We affirm.

The referee, in support of his decision, made the following findings of fact:

2. On April 2, 1975, while Claimant was engaged in occupation of jockey and was riding a horse named "Show Me the Way" in the fifth race at the Penn National Race Course located in Grantville, Pennsylvania, three horses collided causing Claimant to be thrown to the ground resulting in bruises on the Claimant's head and mouth and bilateral fractures of the distal radii.

3. Claimant received treatment for his injuries at the Community General Osteopathic Hospital in Harrisburg, Pennsylvania on April 2, 1975, thereby incurring expense in the amount of $111.50.

4. As a result of the injuries sustained on April 2, 1975, Claimant was totally disabled

from that time until he returned to his occupation as jockey on May 16, 1975.

. . . .

9. From 1961 to and including April 2, 1975, Claimant held himself out as a professional journeyman jockey, a position which required him to ride over a thousand different horses in as many races for many different horse owners and trainers.

10. On April 2, 1975 Claimant was scheduled to ride five different horses for four different owners, only one horse of which was owned by Defendant Gary Reihart.

11. During the course of his career as jockey from 1961 through April 2, 1975 Claimant had ridden horses owned by Defendant on less than ten occasions.

12. When named to ride a particular horse by any owner or trainer, including Defendant, the Claimant had the right and power to accept or refuse to ride said horse.

13. Claimant's remuneration for riding a horse for any owner was a basic mount fee in the amount of thirty or thirty-five dollars plus a percentage of the winnings, a reduced percentage if the horse finished second or third, with said monies being paid by the racetrack to the Claimant from monies deposited by the horse owners with no deductions or withholdings being made from said monies paid to the Claimant.

14. Claimant filed his income tax returns in 1975 as a self-employed person and as such was responsible for paying his own social security deductions, federal and state taxes, and the Claimant considered himself to be self-employed on April 2, 1975.

15. In the performance of his occupation as a journeyman jockey, Claimant provided his own saddle, lead pad, boots, helmet, pants and stick, with the horse owner providing the riding silks or colors under which the horse rides, and with either the owner or trainer supplying the horse's bridle and blinkers.

16. On April 2, 1975 and all relevant time periods herein, Claimant controlled the manner in which the horse was ridden during a race, subject, in the Commonwealth of Pennsylvania, to regulations promulgated by the Pennsylvania State Horse Racing Commission requiring that each horse be ridden to the jockey's fullest ability and that other riders not be fouled, with the power to administer sanctions, including fines and suspension, being retained by said Horse Racing Commission for violations thereof.

17. The professional jockey skills of the Claimant were retained by the Defendant on April 2, 1975 for the sole purpose of riding Defendant's horse in one race, with the Claimant also retained by four other owners to ride five different horses in as many races on said date.

In *Davidson v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 30, 399 A.2d 1193 (1979), we held, on facts almost identical to those presented here, that a free lance jockey, who is injured while riding in a race, is not entitled to workmen's compensation benefits because the requisite employer-employee relationship is lacking. Finding *Clark v. Industrial Commission,* 54 Ill.2d 311, 297 N.E.2d 154 (1973) persuasive, we stated that an analysis of the skill required of a jockey, the method of payment, the right to terminate the employment relationship, the fact that the jockey supplies the

saddle and other equipment necessary for racing, and the control of the race indicates that a jockey is an independent contractor and therefore not entitled to compensation. We find *Davidson* to be controlling here.

Claimant, however, challenges the validity of certain findings of fact from which the referee drew his conclusions of law. Our review of the record indicates that these findings accurately reflect the testimony presented and, in absence of a capricious disregard of competent testimony, which we do not find, are binding on this court. See *Workmen's Compensation Appeal Board v. Phillips,* 29 Pa. Commonwealth Ct. 613, 372 A.2d 63 (1977).

Claimant also argues that he is entitled to benefits as a third-party beneficiary of a workmen's compensation insurance policy maintained by defendant for his jockeys.[1] This argument is without merit for, in light of the referee's finding that claimant is not an employee within the meaning of the Act, both the referee and the Board are without jurisdiction to decide what is essentially a private contract claim. See *Thompson v. Parke,* 131 Pa. Superior Ct. 81, 198 A. 819 (1938).

### ORDER

AND Now, this 11th day of December, 1979, the order of the Workmen's Compensation Appeal Board, Docket No. A-74322, dated September 13, 1978, is hereby affirmed.

---

[1] Although the presence of the policy is some evidence of an employer-employee relationship, it is not conclusive. See *Workmen's Compensation Appeal Board v. Bond Transport, Inc.,* 22 Pa. Commonwealth Ct. 86, 347 A.2d 788 (1975); *Bradley v. Chester Materials Co.,* 151 Pa. Superior Ct. 485, 30 A.2d 206 (1943). Here, it was overcome by numerous other factors showing claimant's independent contractor status.