644 A.2d 271

**DUQUESNE TRUCK SERVICE and Nationwide Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (McKEESPORT TRUCK SERVICE and Audrey Jordan, wife of George A. Jordan, Dec'd.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 25, 1994.

Decided June 17, 1994.

146

148

Roy F. Walters, Jr. and Rhonda A. Rudman, for petitioners.

Kenneth E. Kohl, Jr., for respondents.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Duquesne Truck Service and Nationwide Insurance Company (Petitioners) appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's grant of a fatal claim petition and award of benefits to Audrey Jordan (Claimant) following the death of her husband George Jordan (Decedent) pursuant to the Workers' Compensation Act (Act).[1] The appeal alleges five points of error in the referee's decision: in finding that Nationwide provided workers' compensation insurance to McKeesport Trucking Service (McKeesport); in failing to find whether Decedent was employed by McKeesport or Duquesne; in failing to find that Decedent was in violation of the law at the time of the accident; in finding that Decedent was an employee rather than an independent contractor; and in finding that the accident occurred in the course of Decedent's employment.

In April 1988, Decedent was killed in a tractor-trailer accident in New York state. Claimant filed a claim for workers' compensation benefits with Nationwide, which it denied on the basis that Decedent was not an employee of Duquesne at the time of the accident. Claimant then filed a fatal claim petition and the referee held a series of hearings at which George Jordan Jr. (Jordan), Decedent's son, and Gerald

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Raabe, Nationwide's commercial underwriting manager, were the primary witnesses. Jordan testified that, as owner and sole proprietor of McKeesport and Duquesne, he hired Decedent in March 1988 to work for him as a manager/driver and placed Decedent on Duquense's payroll for accounting purposes. Jordan presented a payroll card and cancelled payroll check that indicated federal, state, social security, and unemployment compensation taxes were deducted from the Decedent's gross pay.

Jordan stated that Decedent left for New York at midnight on April 4, 1988 in a tractor-trailer that bore the McKeesport decal and he found out his father had been in an accident after the New York state police notified his garage. Claimant presented a death certificate that indicated Decedent died on April 4, 1988 in Binghamton, New York due to injuries sustained after the tractor-trailer he operated went off the road.

While it is undisputed that Duquesne had workers' compensation insurance, Jordan testified he believed he had workers' compensation coverage through Nationwide for McKeesport as well. He stated that since 1985 he dealt with Edward Klebach, a Nationwide agent, who handled all the insurance policies for both his companies; he sent his premium payments to Nationwide through Klebach; and he understood the payments to cover all the insurance policies he had for both his companies.[2] Jordan also stated that he was never made aware that Klebach had retired in July 1987; Klebach continued to service his account into 1988 and he continued to send premium payments to Nationwide through Klebach; and Nationwide never instructed him to discontinue making payments to Klebach. Jordan further testified that in October and November of 1987, Klebach arranged for certificates of insurance to be sent to two customers which bore the signatures of Nationwide's president and secretary, listed Klebach as Nationwide's agent, and indicated that Nationwide provided

2. Jordan presented five checks, three of which were made payable to Nationwide and two to Klebach. All five checks, written over the period .from July 31, 1987 to October 6, 1987, were endorsed by Nationwide and deposited in its account with Mellon Bank.

workers' compensation insurance to McKeesport from October 1987 to October 1988.

Petitioners presented the testimony of George Raabe, who stated that Nationwide had no record of a policy of workers' compensation insurance ever being issued to McKeesport, that Klebach had retired as an agent with Nationwide in July 1987, and that Klebach did not have the authority to issue certificates of insurance at any time after his retirement. Raabe further testified Klebach did not follow proper procedure in issuing the certificates in that he did not file copies with the agency manager or the home office in Columbus, Ohio.

The referee found Claimant's evidence credible, specifically rejected Petitioners' evidence as not credible, and concluded that Claimant was entitled to benefits because at the time of his death, Decedent was an employee and not an independent contractor. In addition, the referee found that Klebach was a Nationwide agent before, at the time of, and after Decedent's death and had the authority to bind Nationwide with respect to workers' compensation insurance for McKeesport and Duquesne; at the time of Decedent's death, Nationwide provided workers' compensation insurance for both McKeesport and Duquesne; Decedent's death was accidental and occurred in the course of his employment; and Claimant was entitled to the unrebutted presumption that Decedent was actually engaged in the furtherance of Jordan's business at the time of his death.

Petitioners now bring the same questions to this Court which were presented to the Board. Initially it is noted that this Court's scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of facts are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Further, review of the findings of fact is limited to whether the referee's findings are adequately supported by the evidence as a whole. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skir-*

*pan),* 531 Pa. 287, 612 A.2d 434 (1992). Credibility of the witnesses is solely an issue for the finder of fact, and findings of fact will be overturned only if they are arbitrary and capricious. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Shinsky),* 492 Pa. 1, 421 A.2d 1060 (1980).

Petitioners argue that the record does not contain substantial evidence from which the referee could find that McKeesport had workers' compensation insurance in effect at the time of the accident. However, the record contains Jordan's cancelled checks made payable to Nationwide and Kle'·ach and the certificates of insurance indicating that McKeesport was covered by workers' compensation insurance on the date of the accident. Based on those documents as well as the evidence indicated above and accepted by the referee as credible, substantial evidence existed upon which the referee could find that Klebach had authority to and did in fact procure workers' compensation insurance for McKeesport.

Apparent authority is defined as that authority which, although not actually granted, the principal knowingly permits the agent to exercise or holds him out as possessing. *See Jennings v. Pittsburgh Mercantile Co.,* 414 Pa. 641, 202 A.2d 51 (1964). Furthermore, a principal's liability is not limited when a restriction on an agent's authority is not communicated to a third party. *Pennsylvania National Mutual Casualty Insurance Co. v. Insurance Commissioner,* 121 Pa.Commonwealth Ct. 618, 551 A.2d 368 (1988), *appeal denied,* 522 Pa. 581, 559 A.2d 41 (1989). The referee's finding that Klebach had authority to bind Nationwide after his alleged July 1987 retirement is supported clearly by the evidence that after July 1987 Nationwide accepted and deposited all the checks from Jordan and by the fact that Nationwide never instructed Jordan to discontinue making premium payments through Klebach. Moreover, Petitioners' argument that Nationwide was not bound by the certificates of insurance because Klebach did not follow proper procedure in issuing them is also unavailing because undisclosed rules known only to an insurer and its agent cannot be invoked to defeat the contract

the agent had apparent authority to make. *Pennsylvania National Mutual Casualty Insurance Co.*[3]

Petitioners next urge that the referee erred when he failed to find that Decedent was in violation of the law at the time of the accident and therefore was outside the scope of his employment pursuant to Section 301(a) of the Act, 77 P.S. § 431. Nationwide supports its argument by pointing out that Duquesne was not authorized by the Interstate Commerce Commission to transport freight interstate and that at the time of the accident Decedent had transported freight outside of Pennsylvania. However, the mere fact of violation of the law is insufficient to negate coverage and Petitioners must prove that the violation caused Decedent's death. *See, e.g., Kovalchick Salvage Co. v. Workmen's Compensation Appeal Board (Williams)*, 102 Pa.Commonwealth Ct. 562, 519 A.2d 543 (1986). Petitioners offered no evidence to support the proposition that the violation caused or was even related to Decedent's death; therefore the referee did not err in failing to find that Decedent was acting outside the scope of his employment at the time of his death.

Petitioners next contend that the referee erred by finding that Decedent was an employee rather than an independent contractor because there was no evidence that Decedent was under Jordan's direction and control and because Decedent performed only two deliveries for Jordan, was not compensated for his work until after his death, and was compensated on a percentage basis for each delivery he made. Whether an individual is an independent contractor or an employee is a question of law fully reviewable by this Court, *Johnson v. Workmen's Compensation Appeal Board (Dubois*

3. Nationwide also argues that the referee erred because he failed to specifically find which company, McKeesport or Duquesne, Decedent worked for at the time of his death. The Board concluded that such omission in this case is irrelevant because the referee properly found that Nationwide provided workers' compensation insurance to both companies. As the determination of which company employed Decedent was not a necessary issue, the referee's decision need not be reversed and remanded. *See Shustack v. Workmen's Compensation Appeal Board (B–D Mining Co.)*, 141 Pa.Commonwealth Ct. 296, 595 A.2d 719 (1991).

*Courier)*, 158 Pa.Commonwealth Ct. 76, 631 A.2d 693 (1993), and the claimant has the burden of proving the existence of the employer-employee relationship at the time of the fatal injury. *Southland Cable Co. v. Workmen's Compensation Appeal Board (Emmett)*, 142 Pa.Commonwealth Ct. 612, 598 A.2d 329 (1991).

The existence of an employer-employee relationship is determined by considering several factors: control of the manner in which the work is to be done; responsibility for result only; terms of agreement between the parties; nature of the work or occupation; skill required for performance; whether the one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is a part of the regular business of the employer; and the right of the employer to terminate the employment at any time. *J. Miller Co. v. Mixter*, 2 Pa.Commonwealth Ct. 229, 277 A.2d 867 (1971). All these factors need not be present to determine the type of relationship and each fact will be considered within the context of the situation presented. *Id.* Key elements are whether the alleged employer has the right to control the work to be done and the manner in which it is performed, *Johnson*, and the carrying of an individual as an employee on company payroll records, as well as the deduction of income taxes and social security contributions from his or her earnings, the payment of unemployment compensation, and the inclusion of an individual in workers' compensation and other insurance coverage held by the company are additional evidence of an employer-employee relationship. *Workmen's Compensation Appeal Board v. Bond Transport, Inc.*, 22 Pa.Commonwealth Ct. 86, 347 A.2d 788 (1975).

The referee's findings of fact establish that Jordan and Decedent discussed entering into an employment relationship wherein Decedent would work as a manager/driver for Jordan, Decedent was placed on Duquesne's payroll and paid a salary from which federal, state, social security, and unemployment compensation taxes were deducted, Jordan provided

155

the equipment, and Decedent performed his duties under Jordan's direction and control. Contrary to Petitioners' assertion, the fact that Decedent performed only two deliveries and was not paid until after his death does not negate a finding that he was Jordan's employee but only shows that Decedent's death occurred shortly after he began his employment.

Finally, Petitioners argue that the referee's finding that Decedent was fatally injured in the course of his employment is unsubstantiated by the evidence. When a travelling employee is injured after setting out on the business of his or her employer, it is presumed that the employee was furthering the employer's business at the time of the injury, and the contesting party must rebut that presumption with evidence that the employee's actions were so foreign to and removed from his usual employment that they constitute an abandonment of that employment. *Roman v. Workmen's Compensation Appeal Board (Department of Environmental Resources)*, 150 Pa.Commonwealth Ct. 628, 616 A.2d 128 (1992). The referee found that Jordan assigned Decedent to deliver a load of freight to Selkirk, New York, that Decedent departed at midnight on April 3, 1988, and that en route to making the delivery he was killed when his vehicle ran off the road in Binghamton, New York on April 4, 1988. As Petitioners offered *no contrary* evidence, they did not meet their burden as enunciated in *Roman;* the referee therefore did not err in finding that Decedent died while in the course of his employment. Finding no error by the referee, the order of the Board is affirmed.

*ORDER*

AND NOW, this 17th day of June, 1994, the order of the Workmen's Compensation Appeal Board is affirmed.