**SARVER TOWING (Wausau Insurance Co.), Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BOWSER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 1999.
Decided Aug. 5, 1999.

Michael D. Sherman, Pittsburgh, for petitioners.

Alexander J. Pentecost, Pittsburgh, for respondent.

Before FRIEDMAN, J., LEADBETTER, J., and LORD, Senior Judge.

FRIEDMAN, Judge.

Sarver Towing petitions for review of an order of the Workers' Compensation Appeal Board (WCAB) reversing the decision of a workers' compensation judge (WCJ) to deny workers' compensation benefits to Blace Bowser (Claimant) on the ground that Claimant was an independent contractor rather than an employee and, therefore, was ineligible for benefits under the

Workers' Compensation Act (Act).[1] We affirm the WCAB's grant of benefits to Claimant.

Dave Sarver, one of the owners of Sarver Towing, hired Claimant on June 22, 1994 as tow truck driver trainee and "clean-up man," for which Claimant received $5.00 an hour. (WCJ's Findings of Fact, No. 7.) On August 12, 1994, Claimant signed an agreement stating that, as of August 8, 1994, "I, Blace Bowser, have agreed to go on a commission with Sarver Auto Center and Towing and understand and agree that I will be responsible for paying my own taxes." (WCJ's Findings of Fact, No. 5.)

After the above agreement was signed, Claimant was paid exclusively on commission, receiving twenty-five percent of the fee on all towing jobs he performed. (WCJ's Findings of Fact, No. 15.) Sarver Towing provided Claimant with a tow truck with Dave Sarver's name on the door, as well as all tools and materials needed to perform the job. (WCJ's Findings of Fact, Nos. 7 and 15.) Claimant was permitted to keep the tow truck at his home. When Sarver Towing had an assignment for Claimant, it would contact Claimant either by pager or by telephone; Claimant was on call twenty-four hours a day, seven days a week. (WCJ's Findings of Fact, No. 15.) Claimant was not permitted to use Sarver Towing's truck to perform tows for anyone else, and he was working for no one other than Sarver Towing. (WCJ's Findings of Fact, No. 15.) Although Sarver Towing provided Claimant with all towing assignments, it did not exercise control over what route Claimant took to get to the towing assignments, nor did it directly supervise Claimant as he towed the vehicles. (WCJ's Findings of Fact, No. 15.)

On, February 13, 1995, at the direction of Dave Sarver, Claimant attempted to lift a large computer at the Sarver Towing premises, causing him to suffer a "back injury of chronic low back strain with herniated lumbar disks ... which has rendered him totally disabled from performing his regular job as a tow truck driver." (WCJ's Findings of Fact, No. 15.)

On November 13, 1995, Claimant filed a claim petition seeking compensation for his injuries. Sarver Towing filed a timely answer denying the allegations in the claim petition, and the matter went before a WCJ. After a number of hearings, the WCJ concluded that Claimant was an independent contractor and not an employee at the time of his injury and, thus, was ineligible for workers' compensation benefits.

Claimant appealed to the WCAB, alleging that the WCJ erred in concluding that Claimant was an independent contractor rather that an employee. The WCAB agreed with Claimant and reversed the WCJ. The WCAB then remanded the matter for the WCJ to determine the period of time during which Claimant is to receive benefits and the amount of such benefits. Sarver Towing now petitions this court for review of the WCAB's order,[2] arguing that the WCAB erred in determining that Claimant was not an independent contractor. We disagree.

A Claimant seeking workers' compensation benefits has the burden of proving that an employment relationship exists. *Northern Central Bank and Trust Co. v. Workmen's Compensation Appeal Board (Kontz)*, 88 Pa.Cmwlth. 277, 489 A.2d 274 (1985). Whether a claimant is an independent contractor or an employee is a question of law fully reviewable by this court. *Lynch v. Workmen's Compensation Appeal Board (Connellsville Area*

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

2. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*School District)*, 123 Pa.Cmwlth. 299, 554 A.2d 159 (1989), *appeal denied*, 525 Pa. 629, 578 A.2d 416 (1990). Although the parties here agree on the relevant facts as found by the WCJ, they differ on the legal conclusions to be drawn from these facts.

■ In *Hammermill Paper Company v. Rust Engineering Co.*, 430 Pa. 365, 370, 243 A.2d 389, 392 (1968), our supreme court set forth the following factors to consider when determining whether an employment relationship exists:

> Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is part of the regular business of the [alleged] employer, and also the right to terminate the employment at any time.

Although all of the above factors should be considered, not all of them need be present. *Johnson v. Workmen's Compensation Appeal Board (Dubois Courier Express)*, 158 Pa.Cmwlth. 76, 631 A.2d 693 (1993) *appeal denied*, 537 Pa. 613, 641 A.2d 313 (1994). In this case, we find it particularly important that Sarver Towing owned the tow truck and equipment—obviously, very substantial assets—which Claimant used.

■ The key indicator of whether a claimant is an employee or independent contractor lies in whether the alleged employer has control of the work and the manner in which the work is accomplished. *North Penn Transfer, Inc. v. Workmen's Compensation Appeal Board*, 61 Pa. Cmwlth. 469, 434 A.2d 228 (1981); *Davidson v. Workmen's Compensation Appeal Board*, 42 Pa.Cmwlth. 30, 399 A.2d 1193 (1979). Here, in concluding that Claimant was an independent contractor, the WCJ focused on the fact that Sarver Towing did not instruct Claimant on what routes to take and the fact that Sarver Towing did not exercise direct supervision over Claimant as he actually towed vehicles. We agree with the WCAB, however, that the routes taken by Claimant are trivial. We also agree with the WCAB that the WCJ's Findings of Fact show that, even though it did not directly supervise Claimant while on towing assignments, Sarver Towing *did* exercise substantial control over Claimant and the manner in which he performed his work. Claimant was not allowed to use the tow truck to work for other parties. Claimant was on call twenty-four hours a day, seven days a week. Sarver Towing certainly could have taken back the tow truck and equipment at any time if it was not satisfied with Claimant's work.

■ Moreover, it is the existence of the *right* to control the manner of Claimant's work which is critical, even when that right is not exercised. *Northern Central Bank & Trust Co.* Although Sarver Towing exerted little direct supervision over Claimant, this was due to lack of need rather than lack of capacity, as Sarver Towing itself trained Claimant to operate the tow truck and supplied Claimant with all equipment necessary to do the job.

We also agree with the following observation made by the WCAB:

> Claimant's injury occurred when he was moving a computer for [Sarver Towing], at [Sarver Towing's] request and pursuant to [Sarver Towing's] directions. Moving a computer is not a duty which one would normally associate with the operation of a tow truck. The fact that [Sarver Towing] believed it had the ability to order Claimant to move a computer, which had nothing to do with Claimant's performance as an operator of a tow truck, is clearly indicative of the fact that [Sarver Towing] had the control over Claimant to tell him what to do and the manner of how he was to do it.

For all of the above reasons, we affirm.

## ORDER

AND NOW, this 5th day of August, 1999, the order of the Workers' Compensation Appeal Board, dated November 18, 1998, is hereby affirmed.