## Newton v. M&B Lumber Inc.

*Suzanne Bigelow-Cherry,* for plaintiffs.
*Ronald P. Carnevali Jr.,* for defendants.

KOPRIVA, *J.*, August 18, 2005—

## PROCEDURAL HISTORY

Plaintiffs commenced this action by filing a writ of summons April 1, 2004. A complaint followed on July 2, 2004. Defendants filed their answer and new matter July 27, 2004, followed by plaintiffs' reply to new matter August 12, 2004. Defendants filed a motion for summary judgment, May 3, 2005, along with their brief, followed by plaintiffs' supporting documents relative to summary judgment filed May 24, 2005. Plaintiff filed his opposition brief May 25, 2005. We now proceed to disposition.

## FACTUAL HISTORY

Plaintiff-decedent worked as a truck driver and provided additional labor to M&B Lumber's sawmill. The tractor-trailer truck driven by plaintiff-decedent was owned, titled and insured in his name. He went to the sawmill to work on his truck on April 5, 2003. That same day, he attempted to clear a log jam in a chipper machine within the sawmill. Defendant Warren Leland Walk Jr. observed plaintiff-decedent striking a stuck log with another log in an attempt to clear the jam. He advised plaintiff-decedent to stop. Walk turned off the chipper machine and attempted to remove the lid which weighs approximately 60 pounds, composed of one-quarter inch steel.[1] The lid slipped from his hands, struck plaintiff-decedent in the head, causing fatal injuries.

---

1. There is some discrepancy as to whether the machine was completely stopped or was still winding down when the lid was removed.

As a result of this incident, defendant submitted an employer's report of occupational injury or disease to the workers' compensation insurance carrier, the State Workers' Insurance Fund (SWIF). Pursuant to a notice of workers' compensation denial May 8, 2003, SWIF denied workers' compensation benefits. Plaintiff-decedent's personal representatives did not contest the denial of his workers' compensation benefits.

## DISCUSSION

The filing of a motion for summary judgment is governed by Pennsylvania Rule of Civil Procedure 1035.2 as follows:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which, in a jury trial, would require the issue to be submitted to a jury."

The party who brings the motion has the burden of proving that no genuine issues of fact exist. All doubts as to the existence of a genuine issue of material fact are to be resolved against the granting of summary judg-

ment. *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 176, 553 A.2d 900, 903 (1989). The ultimate inquiry in deciding a motion for summary judgment is whether the admissible evidence in the record, when considered in the light most favorable to the non-moving party, fails to establish a prima facie case. *Liles v. Balmer,* 389 Pa. Super. 451, 454, 567 A.2d 691, 692 (1989). In deciding whether a prima facie case is established, the court must resolve all doubts against the moving party. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992).

An entry of summary judgment may be granted only in cases where the right is clear and free of doubt. *Musser v. Vilsmeier Auction Co. Inc.,* 522 Pa. 367, 370, 562 A.2d 279, 280 (1989). The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *Davis v. Resources for Human Development Inc.,* 770 A.2d 353, 357 (Pa. Super. 2001). It is the court's function in a summary judgment to determine only if there is a genuine issue of material fact—not to determine the facts. *Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Super. 286, 289, 515 A.2d 980, 981 (1986).

### Workers' Compensation Act/ Independent Contractor

Defendant argues that plaintiff-decedent was on his employers' premises and engaged in the furtherance of this employers' business at the time of his death. Therefore, they reason, plaintiff-decedent and his legal representatives, heirs, and assigns are subject to the exclusive

remedy provisions of the Workers' Compensation Act[2] and cannot recover against defendant in a civil action.

Plaintiff claims that defendant's argument assumes that the decedent was an "employee." Plaintiff maintains that the decedent was not an "employee" but an "independent contractor" truck driver.

To decide whether summary judgment is appropriate we must first look to whether plaintiff-decedent was an employee or independent contractor.

Whether a person is an employee or an independent contractor is a question of law. *Sarver Towing (Wausau Insurance Co.) v. W.C.A.B. (Bowser)*, 736 A.2d 61 (Pa. Commw. 1999). One who is an "independent contractor" is not an employee within the meaning of the definition of "employee" in the Workers' Compensation Act. *Id.* "Independent contractor" is not defined in the Workers' Compensation Act, therefore the courts of this Commonwealth have applied the following test to determine if one qualifies as an independent contractor:

"In determining whether a relationship is one of employee-employer or independent contractor, certain factors will be considered which, while not controlling, serve as general guidance to the court. These factors include: the control of the manner that work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; the skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by

---

2. 77 Pa.C.S. §481.

the job; whether the work is part of the regular business of the employer, and the right to terminate the employment at any time.

"*Lynch v. W.C.A.B.* *[(Connellsville Area School District)]*, 123 Pa. Commw. 299, [302,] 554 A.2d 159, 160 (1989). . . . Paramount for our consideration among these factors is the right of an individual to control the manner that another's work is to be accomplished. *Id.*, 554 A.2d at 160 . . . ." Cited in *Morin v. Brassington*, 871 A.2d 844, 850 (Pa. Super. 2005).

Characteristic of an employee relationship is the master controlling not only the result, but the way in which work is done, whereas in an independent contractor relationship the person engaged in work has exclusive control over the manner of performance and is responsible only for the results. *Rodgers v. P-G Publishing Co.*, 194 Pa. Super. 207, 166 A.2d 544 (1960).

Co-defendant Walk's deposition states (1) plaintiff-decedent never had a set schedule (he worked at his own pace to get 40 hours per week), (2) he had the liberty to work when he wanted, (3) he never turned in log books (unlike the other workers), (4) if plaintiff-decedent only had 20 hours of driving and that was all he wanted to do for a week, that was all he was required to do, (5) Walk never discussed what his job responsibilities were: "Brad just did what he wanted to do," (6) plaintiff-decedent made a list of what he did and the hours he worked (other employees had time cards), and (7) plaintiff-decedent was paid mostly by the load he delivered.

Based upon Walk's deposition, this court finds that plaintiff-decedent operated as an independent contrac-

tor and had exclusive control over the manner of performance of his tasks and was responsible and paid only for his results. We find no genuine issue of fact regarding the status of plaintiff-decedent's work relationship with defendants.

Since plaintiff-decedent acted as an independent contractor, his legal representatives, heirs, and assigns are not subject to the exclusive remedy provisions of the Workers' Compensation Act and can attempt to recover against defendant in a civil action.

Accordingly, we enter the following:

### ORDER

And now, August 18, 2005, it is hereby ordered, directed and decreed:

(1) Defendant's motion for summary judgment is denied and dismissed.

(2) Bradley Gross was an independent contractor at the time of his death, his death is not covered by the Workers' Compensation Act, and defendant is precluded from asserting that he was an employee at trial.

(3) A status conference is set for Wednesday, September 21, 2005, at 3:30 p.m.