**Morrell Ben MORIN, Appellant,**

v.

**Robert L. BRASSINGTON, Sr., L & R Reloading and Sporting Goods, Appellee.**

**Morrell Ben Morin, Appellee,**

v.

**Robert L. Brassington, Sr. t/d/b/a L & R Reloading and Sporting Goods, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 17, 2004.
Filed March 22, 2005.

Arthur D. Agnellino, Athens, for Morin.

Christopher D. Jones, Towanda, for Brassington.

BEFORE: DEL SOLE, P.J., LALLY–GREEN and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 These appeals arise from the judgment entered on April 9, 2004, on behalf of Appellant/Cross–Appellee Morrell Ben Morin (Morin), in the Court of Common Pleas of Bradford County. Morin argues that the trial court erred in not molding the verdict entered against ·Appellee/Cross–Appellant Robert L. Brassing-

ton, Sr., t/d/b/a L & R Reloading & Sporting Goods (Brassington), pursuant to the statutory penalty set forth in Sections 260.9a(f) and 260.10 of the Pennsylvania Wage Payments and Collections Law, 43 P.S. §§ 260.1—260.12 (WPCL). Brassington contends that the trial court erred when it determined that the parties had an agreement such that Brassington would pay Morin for work he performed in Brassington's store. Brassington also contends that the trial court erred in its computation of damages. Upon review, we affirm.

¶ 2 The facts and procedural history of this case are as follows: Morin brought suit against Brassington on February 9, 2000, *via* praecipe for a writ of summons. Thereafter, on May 17, 2000, Morin filed a complaint against Brassington. In the complaint, Morin alleged that he and Brassington entered into an oral contract for Morin to work at Brassington's sporting goods store, L & R Reloading and Sporting Goods (the store).[1] In return for managing the store, Brassington promised to pay Morin for his work at the time of Brassington's retirement from his other job.[2] Morin alleged that Brassington breached this contract by failing to pay him and sought damages in the amount of $100,608.00, plus interest, costs of suit, and unspecified statutory penalties.

¶ 3 Brassington filed a timely answer and new matter to Morin's complaint. Brassington contended that such an agreement never existed and that he merely permitted Morin to watch over the store while Brassington was not present. For this service, Brassington permitted Morin to live in a room over the store.[3] Brassington discontinued this arrangement and removed Morin from the premises because Morin was suspected by the U.S. Bureau of Alcohol Tobacco and Firearms of dealing in stolen weapons from Brassington's store.

¶ 4 The case proceeded through pre-trial pleadings, and, following preliminary objections from Brassington, Morin filed a second amended complaint naming Brassington's wife, Dianna, and the store as additional defendants. Mrs. Brassington filed preliminary objections to Morin's second complaint, and, by agreement of the parties, Morin filed a third amended complaint on November 19, 2001. Morin's third amended complaint did not allege a new cause of action, but it amended his request for damages to $94,904.00, plus interest, costs of suit, and unspecified statutory damages. Prior to trial, Mrs. Brassington filed a motion for summary judgment, which the trial court granted on February 27, 2003.

¶ 5 The case proceeded to trial against Brassington and the store. The trial court conducted a two-day bench trial on September 11–12, 2003. At the conclusion of trial, the trial court found in favor of Morin and awarded him $62,921.50, plus interest and cost of suit. The trial court did not award statutory penalties pursuant to the WPCL. Thereafter, on September 17, 2003, Morin filed a petition to mold the verdict to include liquidated damages as set forth in Section 260.10 of the WPCL. In response, on September 25, 2003, Brassington filed a motion for post-trial

---

1. Brassington worked full time at another job and could not manage the store without assistance.

2. Morin's lump sum payment was to be calculated by multiplying the number of hours he worked by the prevailing minimum wage.

3. Brassington alleged that Morin paid $60.00 per month in rent for the room.

relief which contended that the trial court's verdict was improper because it "was not supported by adequate and competent evidence,"[4] and because Morin failed to present sufficient evidence of damages. The trial court denied both Morin's post-trial motions and Brassington's post-trial motions. The trial court authored a memorandum in support of its denial of the parties' post-trial motions.

¶ 6 After their post-trial motions were denied by the trial court, both parties filed timely appeals to this Court. The trial court ordered the parties to file concise statements of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and they complied. The trial court did not author a Pa.R.A.P. 1925(a) opinion.

¶ 7 We consider first Morin's appeal. Morin raises the following issues for our review:

1.  Did the [trial court] err in concluding that [Morin's] third amended complaint was not sufficiently specific to enable [Brassington] to prepare a defense to the WPCL and for the court to impose the statutory penalties set forth in [Section] 260.9a(f) and [Section] 260.10.

2.  Did the trial court err in not awarding [Morin] a twenty-five percent (25%) statutory penalty as set forth in 43 P.S. § 260.10, and a statutory award of attorney's fees per 43 P.S. § 260.9, in conjunction with the [trial] court's finding that [Brassington] owed [Morin] back wages that remained unpaid in accordance with the [WPCL]?

Morin's brief, at 4.

¶ 8 The record reveals that the trial court did not apply the statutory penalties set forth in the WPCL because it found that Morin's third amended complaint did not request statutory damages with sufficient specificity. *See* Trial court memorandum, 2/6/2004, at 1–2. Morin contends that he is entitled to receive the statutory penalties set forth in the WPCL because the Rules of Civil Procedure did not require him to request the statutory penalties with any greater specificity than he set forth in his third amended complaint. Alternatively, Morin asserts that Brassington failed to file preliminary objections to his third amended complaint with regard to this issue, and, therefore, Morin was permitted to seek the statutory penalties of the WPCL at trial.

¶ 9 Pennsylvania Rule of Civil Procedure 1019(f) states the following:

Averments of time, place, and items of special damage shall be specifically stated.

¶ 10 Moreover, Rule 1021 requires claims for relief to specify the relief sought. *See* Pa.R.Civ.P. 1021(a). Herein, Morin's prayer for relief in his third amended complaint states the following:

**WHEREFORE**, [Morin] demands judgment against [Brassington] in the sum of $94,904.00, plus interest, plus cost of suit, and ***statutory penalties*** for [Brassington's] failure to pay [Morin's wages].

Third amended complaint, 11/19/2001, at 3 (emphasis added).

¶ 11 "Special damages" are damages that are the "actual, but not the necessary, result of the injury complained of, and which, in fact, follow it as a natural and proximate consequence in the particular case, that is, by reason of special circumstances or conditions." *See Aerospace Fin. Leasing v. New Hampshire Ins. Co.*, 696 A.2d 810, 812 n. 5 (Pa.Super.1997) (citation omitted). Statutory penalties that may be awarded in addition to com-

---

**4.** The trial court addressed this issue as a challenge to the weight of the evidence.

pensatory damages meet this definition. *Cf. Aerospace Fin. Leasing,* 696 A.2d at 812 n. 5 (statutory penalties for bad faith are "special damages"). Accordingly, we conclude that the statutory penalties in the WPCL are "special damages," and, as such, need to be pleaded with specificity. *See* Pa.R.Civ.P. 1019(f).

¶ 12 Even though we find that the WPCL's statutory penalties must be pleaded with specificity, we conclude that the trial court abused its discretion by dismissing Morin's statutory damage claim for lack of specificity.[5] We reach this conclusion because Brassington failed to file a preliminary objection requesting a more specific pleading, and, thus, the issue was not before the trial court. Consequently, Brassington waived his challenge to the specificity of Morin's third amended complaint, and Morin was able to seek the requested statutory penalties at trial. *Cf. Foster v. Peat Marwick Main & Co.,* 138 Pa.Cmwlth. 147, 587 A.2d 382, 386–87 (1991) (failure to file preliminary objection raising argument to specificity of pleading waived challenge to specificity of pleading at trial). The record reveals that Morin did, in fact, argue to the trial court in his opening statement that he was entitled to statutory penalties pursuant to the WPCL in this case. *See* N.T. Trial, 9/11/2003, at 2. Brassington did not, at any point, raise an objection to the trial court with regard to Morin's request for statutory penalties pursuant to the WPCL. Accordingly, the trial court abused its discretion when it dismissed Morin's claim for lack of specificity.[6]

5. We reach no conclusion whether Morin's plea for statutory damages lacked sufficient specificity.

6. Parenthetically, we note that our rules permit the liberal amendment of a complaint. *See, e.g., Connor v. Allegheny General Hosp.,* 501 Pa. 306, 309, 461 A.2d 600, 602 (1983)

¶ 13 However, we need not remand to the trial court for a determination of whether the statutory penalties set forth in Section 260.9a(f) and Section 260.10 of the WPCL are applicable in this case, because the trial court provided a prospective analysis of this issue in its memorandum. *See* Trial court memorandum, 2/6/2004, at 2–3. Despite its dismissal of the issue on the basis of specificity, the trial court concluded that the WPCL would not apply to this case because Morin was not an "employee" of Brassington. We agree.

¶ 14 In *Frank Burns, Inc. v. Interdigital Comm. Corp.,* 704 A.2d 678 (Pa.Super.1997), we held the following:

> The WPCL provides no statutory definition of the term "employee." Where a statute does not supply a definition for a term, we must apply the rules of statutory construction. 1 Pa.C.S. § 1502(a)(1). Under these rules, technical words are to be construed according to their "peculiar and appropriate meaning." 1 Pa.C.S. § 1903(a). Two Pennsylvania statutes, the Unemployment Compensation Act and the Worker's Compensation Act, provide technical definitions of the term "employee." [...] We find the statutes more persuasive than agency theory as to the WPCL meaning of "employee" because the statutes, like the WPCL, concern compensation for employees and, therefore, provide a more similar context.

*Interdigital Comm. Corp.,* 704 A.2d at 680 (footnotes omitted).

(holding liberal amendment of complaint will be allowed to permit amplification of claim in original complaint). Therefore, had Brassington objected to the lack of specificity in Morin's request for statutory penalties, it is likely that Morin would have amended the complaint to cure the lack of specificity.

¶15 One who is an "independent contractor" is not an "employee" within the meaning of the definition of "employee" in the Worker's Compensation Act. *See generally Sarver Towing (Wausau Ins. Co.) v. WCAB,* 736 A.2d 61, 62–63 (Pa.Commw.1999). The definition of "independent contractor" is not set forth in the Workers' Compensation Act, but the courts of this Commonwealth have applied the following test to determine whether one qualifies as an independent contractor:

> In determining whether a relationship is one of employee-employer or independent contractor, certain factors will be considered which, while not controlling, serve as general guidance to the Court. These factors include: the control of the manner that work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; the skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether the work is part of the regular business of the employer, and the right to terminate the employment at any time.

*Lynch v. WCAB,* 123 Pa.Cmwlth. 299, 554 A.2d 159, 160 (1989) (citations omitted). Paramount for our consideration among these factors is the right of an individual to control the manner that another's work is to be accomplished. *Id.,* 554 A.2d at 160 (citations omitted).

¶16 In the present case, the record reveals that, other than the power to terminate Morin, Brassington had no right of control over the manner in which Morin managed the store or conducted relations with customers. Standing alone, the power to terminate one engaged in work for another does not rise to the level of an employer-employee relationship because an independent contractor's services may be terminated by the individual who enlists these services. Reference to the record indicates that, other than the terms of the initial agreement, no rules were established by Brassington for Morin to control the manner by which Morin performed work at the store. Whatever rules that may have existed for the store's operation were created at Morin's sole discretion. Indeed, Brassington was content to allow Morin to conduct the day-to-day business of the store in the manner Morin saw fit. Morin was able to open and close the store of his own accord, make sales to customers, and order supplies when necessary. Therefore, we have little difficulty in concluding, as did the trial court, that Morin's working relationship with Brassington was that of an independent contractor and not an employee. *See, e.g., Lynch,* 554 A.2d at 160 (paramount for court's concern in determining existence of employer-employee relationship is whether putative employer had right of control over manner of work performed by putative employee). Because the statutory penalties set forth in the WPCL only apply to "employees," Morin was not entitled to them. *See Interdigital Comm. Corp.,* 704 A.2d at 680 (Superior Court utilizes definition of "employee" in Workers' Compensation Act and Unemployment Compensation Act when analyzing WPCL). Consequently, Morin's argument fails.

¶17 We turn to an analysis of Brassington's appeal. Brassington presents the following issues for our review:

1. Whether the [trial] court abused its discretion and erred when [it] found after the non-jury trial in favor of [Morin] that the parties had an agreement wherein [Morin] would work in [Brassington's store] at minimum wage to be paid when [Brassington] retired?

2. Whether the [trial] court erred in its decision on damages when the [trial] court awarded [Morin] damages at 30 hours per week, 48 weeks per year to be paid at the minimum wage hourly rate when there was insufficient evidence presented at the non-jury trial to provide a basis for awarding said damages?

Brassington's brief, at 15.

¶ 18 In essence, Brassington's first issue alleges that the verdict was against the weight of the evidence. In his post-trial motion, Brassington couched this issue in the following fashion:

(a) The [trial] court erred in its September 12, 2003 [verdict] when the [trial court] found that the parties [had] an agreement that [Morin] would work in [Brassington's] store at minimum wage to be paid upon [Brassington's] retirement because said finding was not supported by adequate and competent evidence.

Brassington's post-trial motion, 9/25/2003, at 1.

¶ 19 In Brassington's prayer for relief, he requested the trial court to dismiss Morin's action and enter judgment in his favor. Previously, in *Lanning v. West*, 803 A.2d 753 (Pa.Super.2002), we explained that the remedy of entry of judgment in a party's favor is proper only when a party successfully challenges the **sufficiency** of the evidence. *West*, 803 A.2d at 759. On the other hand, the remedy of a new trial is proper when the verdict rendered by the trial court indicates that the trial court abused its discretion when **weighing** the evidence. *Id.*, 803 A.2d at 759. This distinction is crucial and is repeated *ad nauseum* by the appellate courts of this Commonwealth in both civil and criminal cases.

¶ 20 A sufficiency analysis, whether in the context of an appeal from the granting of judgment n.o.v. or compulsory non-suit, must begin by accepting the credibility and reliability of all evidence, viewed in the light most favorable to the verdict winner regardless of whether the appellant thinks that the evidence was believable. *See Mahan v. Am–Gard, Inc.*, 841 A.2d 1052 (Pa.Super.2003). Alternatively, a claim that the verdict was against the weight of the evidence concedes that the evidence presented by the verdict winner was sufficient to satisfy the elements of the cause of action but contends that the evidence was unreliable and untrustworthy to such a degree that a verdict based upon it would shock one's sense of justice, and, therefore, a new trial would be necessary to cure the injustice. *See West*, 803 A.2d at 759. Further, under the standard of review for challenges to the weight of the evidence, this Court is under no obligation to view the evidence in a light most favorable to the verdict winner. *Pittsburgh Constr. v. Griffith*, 834 A.2d 572, 584 (Pa.Super.2003).

¶ 21 The statement in Brassington's post-trial motion that the verdict was not "supported by adequate and competent evidence" fails to specify whether he alleges that there was insufficient evidence to sustain the verdict or whether the verdict was against the weight of the evidence. Generally speaking, failure to specify a ground for relief in a post-trial motion renders the issue waived on appeal. *See* Pa.R.Civ.P. 227.1(b). We need not, however, consider whether Brassington's argument is waived because the trial court chose to interpret Brassington's allegation that the verdict was not supported "by competent evidence" as an assertion that its verdict was against the weight of the evidence, and Brassington argues this issue properly in his appellate brief to this Court. *See Soderberg v. Weisel*, 455 Pa.Super. 158, 687 A.2d 839, 845 (1997) (if

trial court elects to address issue, despite party's failure to comply with Rule 227.1(b), Superior Court will not find issue waived). Therefore, we will consider the merits of Brassington's issue.

¶ 22 Brassington argues that the verdict was against the weight of the evidence because the trial court found that both parties made wild accusations against each other and that both parties were equally incredible about the existence and nature of the oral agreement. This argument is without merit. We, as an appellate court, will not invade the credibility-determining powers of the fact-finder merely because the evidence was conflicting and the fact-finder could have decided the case either way. *See Watson v. American Home Assurance Co.*, 454 Pa.Super. 293, 685 A.2d 194, 198 (1996). In the present case, the trial court, sitting as finder of fact, heard the testimony of the parties, weighed it against its inconsistencies, and reached a verdict in favor of Morin. The record, though rancorous, supports its verdict. Accordingly, we discern no abuse of discretion on the part of the trial court. *Id.*, 685 A.2d at 198 (grant of new trial warranted only where trial court abused its discretion in weighing evidence or committed error of law). Therefore, Appellant's argument fails.

¶ 23 Brassington asserts next that the trial court erred in its damage calculation because it lacked sufficient evidence to form a basis for a damage award for breach of the oral contract. In *J.W.S. Delavau, Inc. v. Eastern America Transp. & Warehousing, Inc.*, 810 A.2d 672 (Pa.Super.2002), we reiterated the following legal principle:

Generally, under Pennsylvania law, damages need not be prove[n] with mathematical certainty, but only with reasonable certainty, and evidence of damages may consist of probabilities and inferences. Although the law does not command mathematical precision from the evidence in finding damages, sufficient facts must be introduced so that the court can arrive at an intelligent estimate without conjecture. Where the amount of damage can be fairly estimated from the evidence, the recovery will be sustained even though such amount cannot be determined with entire accuracy. It is only required that the proof afford a reasonable basis from which the fact-finder can calculate the plaintiff's loss.

*J.W.S. Delavau Inc.*, 810 A.2d at 685–86 (citations omitted).

¶ 24 Morin testified that he worked 40 hours per week, fifty-two weeks per year, for 11 years, without time off for vacation or sickness, and that payment for the time that he worked was to be based on the prevailing minimum wage. The trial court did not find credible Morin's assertion that he took no time off from working at the store during the 11 year period, but it was satisfied that he had proven the fact that he had incurred damages from Brassington's breach of the oral contract. Therefore, the trial court entered a "compromise verdict" of $62,921.50 in compensatory damages. The trial court arrived at this figure by concluding that Morin worked an average of 30 hours per week in the store, for 48 weeks per year, multiplied by the prevailing minimum wage.[7]

¶ 25 Compromise verdicts are verdicts where the fact-finder is in doubt as to the defendant's liability *vis-à-vis* the

---

7. The trial court set off from the damage award unpaid rent owed by Morin to Brass-ington.

plaintiff's actions in a given suit but, nevertheless, returns a verdict for the plaintiff in a lesser amount than it would have if it was free from doubt. *See Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1 (1994). Compromise verdicts are favored in the law. *Austin v. Harnish,* 227 Pa.Super. 199, 323 A.2d 871 (1974). Although more commonplace in negligence cases tried before juries, such verdicts are equally appropriate in contract cases tried before the bench. *See Interdigital Comm. Corp.,* 704 A.2d at 682. We are satisfied that the trial court did not abuse its discretion in entering its verdict.

¶ 26 The trial court was able to ascertain the *fact* of damages from the evidence presented in this case but not the exact amount of damages. It was certain from the evidence presented at trial that Morin used a substantial portion of his time working at Brassington's store throughout the 11 year period. However, given the nature of their work relationship, Morin's work hours were not supervised or recorded in a typical fashion, and, consequently, they were not susceptible of being proven with any degree of exactitude. Therefore, drawing reasonable inferences from the evidence presented, the trial court arrived at an intelligent estimate of the damages suffered by Morin as a result of Brassington's breach of the oral contract. This action was proper, inasmuch as the trial court could not fully credit the testimony of Morin, who claimed that he worked continuously for Brassington for 11 years without time off. *See, e.g., J.W.S. Delavau, Inc.,* 810 A.2d at 685–86; *see also Interdigital Comm. Corp.,* 704 A.2d at 682; *see generally Spang & Co. v. U.S. Steel Corp.,* 519 Pa. 14, 545 A.2d 861 (1988) (discussing broad discretion of trial court to fashion fair estimate of damages in contract cases where specific amount of damages cannot be determined accurately). Thus, we are satisfied that the trial court

did not abuse its discretion. Consequently, Brassington's issue fails.

¶ 27 Inasmuch as the issues raised by both Morin and Brassington fail, we affirm the judgment of the trial court.

¶ 28 Judgment affirmed.