## Marsh's Construction LLC v.
## Varish Construction Inc.

*Arthur Becker, Jr.,* for plaintiff.
*Bernard Yannetti,* for defendant.

GEORGE, *J.,* December 9, 2009—The appellant, Varish Construction Inc., appeals this court's entry of judgment, following non-jury trial, against Varish and in favor of Marsh's Construction LLC in the amount of $24,382 plus costs and interest. Although the factual background is adequately set forth in this court's findings of fact dated May 19, 2009, it will be briefly summarized.

In 2006, Varish entered into a contractual agreement to serve as general contractor for construction of a hotel

project known as the "Towne Place Suites." Thereafter, on October 5, 2006, Varish entered a written subcontract with Marsh for the framing and roofing for the project. The contract called for Marsh to construct and install pre-built framing and roofing for a four-story hotel for the price of $245,000. A draw schedule was entered between the parties and construction on the project commenced. During the course of the construction, Varish paid Marsh $105,600 pursuant to the draw schedule. However, prior to completion of the work, dispute arose between the parties concerning Marsh's performance at the job site and Marsh's payment of subcontractors. Ultimately, the relationship between the parties deteriorated and they terminated their relationship. At that time, the third floor to the hotel had not yet been installed although pre-built third floor walls had been constructed and delivered to the job site. Additionally, some fourth floor walls had been pre-built that were delivered to the job site; however, not all fourth floor walls were completed. Varish subsequently contracted with several other entities to complete Marsh's work.

Marsh instituted litigation against Varish seeking reimbursement for labor performed pursuant to the contract as well as "down-time" resulting from the contract's termination. Varish responded with a counterclaim seeking damages related to Marsh's alleged breach of the contractual obligations. Following non-jury trial, this court entered judgment in favor of Marsh on the complaint in the amount of $24,557 and further entered judgment against Varish on the counterclaim. Varish timely filed post-trial motions which were denied by this

court. Currently, Varish appeals alleging that the court abused its discretion in failing to offset the amount of judgment for wages Varish claims to have been paid to complete the work not performed by Marsh. Varish further claims that the court improperly failed to offset the judgment for materials supplied by Varish which Marsh was contractually obligated to provide. For the reasons set forth below, it is respectfully requested that judgment be affirmed.

Pennsylvania law is clear that a new trial should not be granted on the basis of a weight of the evidence claim unless the evidence supporting the verdict is so inherently improbable, or at variance with submitted or proven facts, or with ordinary experience as to render the verdict shocking to the court's sense of justice. *King v. Stefenelli,* 862 A.2d 666 (Pa. Super. 2004). In reviewing a trial court's decision to deny a request for a new trial, the decision should only be reversed if the trial court has abused its discretion. *Divilly v. Port Authority of Allegheny County,* 810 A.2d 755 (Pa. Commw. 2002), *appeal denied,* 574 Pa. 749, 829 A.2d 1158 (2003). Where the record adequately supports the trial court's reasons, the trial court did not abuse its discretion. *Id.* It is not the role of an appellate court to re-weigh the evidence on appeal. *Morin v. Brassington,* 871 A.2d 844 (Pa. Super. 2005). Rather, the appellate court should defer to the trial court's discretion unless the trial court has grossly abused its discretion or committed an error of law that controlled the outcome of the case. *Colville v. Crown Equipment Corporation,* 809 A.2d 916 (Pa. Super. 2002).

In entering judgment in this matter, the court considered the conflicting testimony of the various witnesses. Some of that testimony was considered credible and worthy of belief while other testimony was discounted as self-serving and unsupported by other evidence in the trial. As a result of this determination, the court offset Marsh's claim in excess of $110,000 for work which Marsh failed to complete despite a contractual obligation to do so. Varish currently takes exception with this court's refusal to accept all of Varish's claims for offset. Although not specifically identified in its concise statement, it is this court's belief that Varish takes exception with the court's failure to grant offset for the items contained in defense exhibit no. 4 which total $44,644 allegedly paid to four different entities. Additionally, Varish challenges the court's failure to provide offset for approximately $18,783 in materials.

Initially, I note that Pennsylvania courts have long recognized that the trial court, sitting as fact-finder, is free to believe all, part, or none of the evidence presented. *Stokes v. Gary Barbera Enterprises Inc.,* 783 A.2d 296, 297 (Pa. Super. 2001), *appeal denied,* 568 Pa. 723, 797 A.2d 915 (2002). This deference recognizes that the trial court is in the best position to observe the demeanor of the witnesses from the witness stand and weigh their credibility appropriately. Although this court found Varish's testimony, on occasion, to be credible and supported by other evidence, Varish was found to be incredible on other issues. The testimony rejected by the court was unconvincing, lacked corroboration, and was contradicted by other evidence in the case. For instance,

testimony on the items which this court did not credit was extremely sparse and significantly lacked in detail. See generally, trial transcript, pp. 115-17. No corroborating invoices were provided. Rather, the only supporting evidence was check statements for fees paid to the respective entities without any indication as to why the payment was made. In fact, there is no corroboration for the conclusion that the labor was even related to the subject job site. Moreover, the dates reflected on the checks were not consistent with other testimony generally describing the time frame with the project. Finally, although it is relatively uncontested that, prior to termination of the contractual relationship, the project had progressed to the third floor construction with materials through and including a portion of the fourth floor having been provided by Marsh. Clearly, more than 50 percent of the project had been performed. Yet, Varish sought offsets equivalent to approximately 73 percent of the original contract price. Importantly, there was no claim of deficient workmanship in the work completed by Marsh. Varish's testimony that all of the items he claimed as offset were related to the completion of items which were Marsh's contractual responsibility was neither persuasive nor accepted by this court. As this court has no obligation to accept as true even the uncontested testimony of a witness, *Stokes v. Gary Barbera Enterprises Inc., supra,* it is respectfully requested that judgment be affirmed.