J-A04036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KENNETH R. KNUTH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PAUL E. KNUTH, JR., AND B.S. SMITH SERVICES, INC. | |
| Appellees | No. 1125 MDA 2017 |

Appeal from the Judgment Entered August 4, 2017
In the Court of Common Pleas of Perry County
Civil Division at No(s): CV-TO-2013-00373

BEFORE:  STABILE, J., NICHOLS, J., AND RANSOM, J.*

MEMORANDUM BY RANSOM, J.:　　　　　　　　**FILED MARCH 27, 2018**

Appellant, Kenneth R. Knuth ("Kenneth"),[1] appeals from the judgment entered on August 4, 2017, against him and in favor of Appellee, Paul E. Knuth ("Paul").[2]  We vacate the judgment and remand for a hearing on damages.[3]

Kenneth and Paul are brothers who own adjoining farms.  Paul is the owner of the dominant tenement.  Kenneth sued Paul for using demolition material in improving a road across Kenneth's farm.  Paul counterclaimed

---

[1] To avoid confusion, we shall refer to the Knuth parties in this memorandum by their first names.

[2] Co-defendant B.S. Smith Services, Inc. is not participating in this appeal. Letter from David R. Getz, Esq., to Jennifer Traxler, Esq., Deputy Prothonotary (Aug. 17, 2017).

[3] Kenneth did not appeal on the issue of his liability.

*Retired Senior Judge Assigned to the Superior Court

against Kenneth for later removing the demolition material and a top coating of stone from a portion of the road.

At the non-jury hearing, during the testimony of Paul's contractor, Ben Smith,[4] president of B.S. Smith Services, Inc., an invoice was admitted stating that the original cost in 2012 to improve the road was $7,352.34. Defense Ex. 1 at 4. A second invoice, *id.* at 5, was admitted stating that, in 2014, Paul had already spent $12,628.38 redoing the road to make it "passable." Notes of Testimony (N. T.), 10/12/16, at 148. Follow-up work was performed in 2015 due to "weather and conditions and everything," *id.*, which a third invoice indicated cost $762.50. Defense Ex. 1 at 6. When asked what the cost for redoing the road would be, Mr. Smith answered $25,000. N. T. at 149.[5]

The trial court found in favor of Paul and held Kenneth responsible for the payment of damages, stating: "These damages will consist of a figure to restore the road to the condition that it would have been in had [Kenneth] not actually removed the material, together with an additional sum in support of the material that was already provided." Trial Ct. Mem., 12/1/16, at 2. After ordering briefs on the issue of damages, the trial court awarded $31,000 in damages to Paul. The trial court explained: "We are not entirely satisfied

---

[4] Mr. Smith's first name is only given as "Ben" in the notes of testimony. Notes of Testimony (N. T.), 10/12/16, at 125.

[5] Mr. Smith's testimony was ambiguous as to whether the cost would be $25,000 in addition to the $12,628.38 already spent to fix the road in 2014 or if $25,000 was Mr. Smith's estimate of the total cost to redo the road.

that the gross amount claimed by [Paul] in this matter is appropriate and, thus, we will enter a compromise figure, based on what we think is not an inappropriate amount in consideration of all factors." Trial Ct. Mem., 2/28/17, at 2.

In March 2017, Kenneth filed post-trial motions, which the trial court denied in June 2017. Kenneth filed a notice of appeal in July 2017. In August 2017, Kenneth filed a praecipe to enter judgment in order to facilitate and to perfect his appeal.

Kenneth now raises the following issues on appeal:

A. Whether there was sufficient competent evidence at trial to support a finding that [Paul's] damages were $31,000.

B. Whether the court should order the entry of judgment in an amount the evidence will support or, in the alternative, order a new trial on the issue of damages.

Kenneth's Brief at 4.

"Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo*[.]" ***Commonwealth v. Hutchison***, 164 A.3d 494, 497 (Pa. Super. 2017) (citations omitted), ***appeal denied***, No. 430 MAL 2017 (Pa. filed December 5, 2017).

Here, Kenneth disputes the amount of damages, contending that the evidence was insufficient to support the award. He cites to ***Morin v. Brassington***, 871 A.2d 844, 852 (Pa. Super. 2005), for the "principle that damages must be proven with reasonable certainty." Kenneth's Brief at 12.

- 3 -

The only evidence presented regarding damages was Mr. Smith's testimony and invoices. As explained above, the invoice from 2012 in the amount of $7,352.34 was the total cost of building the road in the first instance. Defense Ex. 1 at 4. The next time Mr. Smith worked on the road was in 2014 in order to redo that road; the cost of that rebuilding was $12,628.38. *Id.* at 5; N. T. at 148. Mr. Smith returned in 2015, due to "weather and conditions and everything" and charged $762.50. *Id.*; Defense Ex. 1 at 6. These amounts total $20,743.22.

As this Court stated in **Morin**, damages must be proven with reasonable certainty. 871 A.2d at 852. We fail to see – and the trial court did not explain – how it calculated an award of $31,000, when there was insufficient competent evidence at trial to support that finding.

In particular, it is unclear if the amount of the 2015 repairs was considered by the trial court when determining damages; this cost was for road maintenance due to "weather and conditions and everything," N. T. at 148, and not due to Kenneth's actions. In its original verdict, the trial court limited its damages to "a figure to restore the road to the condition that it would have been in had [Kenneth] not actually removed the material, together with an additional sum in support of the material that was already provided." Trial Ct. Mem., 12/1/16, at 2. Once the road was restored to the condition it would have been in without Kenneth's actions, Paul, as the dominant tenant, would be responsible for any future upkeep. **See Meadow Run & Mountain Lake Park Ass'n v. Berkel**, 598 A.2d 1024, 1027 (Pa. Super. 1991) (owner

of dominant estate is under obligation to keep the easement in good repair); ***Borgel v. Hoffman***, 280 A.2d 608, 609 (Pa. Super. 1971).

Moreover, we are uncertain as to how or if the trial court considered Mr. Smith's estimate of the cost for redoing the road of $25,000. N. T. at 149. Further affecting the reasonable certainty of the damage award is the ambiguity of Mr. Smith's statement itself – *i.e.*, whether the cost would be $25,000 in addition to the $12,628.38 already spent to fix the road in 2014 or if $25,000 was Mr. Smith's estimate of the total cost to redo the road.

In order to rectify these concerns so that damages may be proven with reasonable certainty, we vacate the judgment and remand for a new hearing limited to the issue of damages. ***See Morin***, 871 A.2d at 852.

Judgment vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018