**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2372
_____

DOUGLAS CARPENTER; DANIEL KLETCHECK; CHRISTOPHER M. WALKER,
Appellants

v.

PEPPERIDGE FARM, INCORPORATED

v.

WAREHOUSE TRAINERS, INC.; CARPENTER CORE, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:20-cv-03881)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 29, 2024
_____

Before: KRAUSE, CHUNG, and RENDELL, <u>Circuit Judges</u>.

(Filed: May 10, 2024)
_____

OPINION[*]
_____

---

[*]    This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHUNG, Circuit Judge.

This appeal concerns whether Plaintiffs (and Appellants herein) are "employees" under Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 Pa. Cons. Stat. § 260.1 et seq. Because we agree with the District Court that Plaintiffs are independent contractors, not employees, we will affirm.

I. BACKGROUND

The three Plaintiffs each own Pepperidge Farm distribution routes for which they deliver Pepperidge Farm food products to retail stores. All three have agreements with Pepperidge Farm that designate them "self-employed independent contractor[s]" or "self-employed independent businessm[e]n," and Pepperidge Farm classifies them as independent contractors for payment purposes. Joint App. ("JA") 50, 60, 73. By 2020, the three Plaintiffs had worked with Pepperidge Farm for between five and fourteen years. They brought a putative class action that year against Pepperidge Farm, claiming that it violated the WPCL by wrongly classifying and paying them as independent contractors instead of as employees.

Pepperidge Farm moved for summary judgment and the District Court granted its motion. The District Court applied the ten-factor test that Pennsylvania courts have used to determine whether a worker is an employee under the WPCL. After concluding that all but two of the factors weighed in favor of finding that Plaintiffs are independent contractors, the District Court found that Plaintiffs are not employees and that their

2

claims thus failed.[1]  See 43 Pa. Cons. Stat. § 260.9a(a) (stating that only employees may bring actions under the WPCL).

## II.     DISCUSSION[2]

### A.     Standard for Evaluating Employment Status Under the WPCL

The WPCL does not define "employee," so Pennsylvania courts have applied a ten-factor test used to determine employment status under similar state statutes.  Williams v. Jani-King of Phila. Inc., 837 F.3d 314, 320 (3d Cir. 2016).  These ten factors are:

> the control of the manner that work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; the skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether the work is part of the regular business of the employer, and the right to terminate the employment at any time.

Id. (quoting Morin v. Brassington, 871 A.2d 844, 850 (Pa. Super. Ct. 2005)).

We have explained that, as a general matter, "[w]hether a worker is an employee or an independent contractor … is a mixed question of fact and law."  Verma v. 3001

---

[1]     The District Court also dismissed Plaintiffs' unjust enrichment claim and Plaintiffs do not challenge that ruling on appeal.  The District Court further found Pepperidge Farm's own unjust enrichment counterclaim was moot given the granting of summary judgment.

[2]     The District Court had jurisdiction under 28 U.S.C. § 1332(a).  We have jurisdiction under 28 U.S.C. § 1291.  We conduct plenary review of the District Court's summary judgment decision.  See Barna v. Bd. of Sch. Dirs. of the Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017).  Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant."  Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011).

3

Castor, Inc., 937 F.3d 221, 229 (3d Cir. 2019). The factual component addresses the underlying facts reflecting "economic relations" between the parties, while the legal component addresses "whether those facts make a worker an 'employee' or 'independent contractor.'" Id. At the summary judgment stage, the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor" in determining whether a genuine factual question exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court then considers the legal question as applied to this factual record. Verma, 937 F.3d at 229. Thus, summary judgment for Pepperidge Farm is proper if applying Pennsylvania's ten-factor test to the undisputed facts taken as true, with all reasonable inferences about Plaintiffs' relationship with Pepperidge Farm drawn in Plaintiffs' favor, leads to the conclusion that Plaintiffs are independent contractors as a matter of law.

We begin by addressing Plaintiffs' misunderstanding of the District Court's role in determining employment status at summary judgment. Plaintiffs argue that the District Court erred by "weighing … the evidence" to reach its conclusions about their employment status. Opening Br. 28. They argue that instead, it was "the province of the jury" to make a finding "as to each employment factor" in Pennsylvania's multi-factor test. Id. at 18. It is true that, in considering the underlying facts at summary judgment, the court does not "weigh the evidence" and takes as true the non-moving party's facts. Parkell v. Danberg, 833 F.3d 313, 323 (3d. Cir. 2016) (quoting Armour v. County of Beaver, 271 F.3d 417, 420 (3d Cir. 2001)). However, the kind of "weighing" that Plaintiffs address here—that is, the court's consideration of the cumulative weight of

4

those facts in each party's favor to decide the legal question of employment status—is precisely the court's role at summary judgment. Therefore, to the extent Plaintiffs argue that the District Court overstepped its role at summary judgment, their argument fails.

B.      Right to Control

We next turn to analyzing the factors under Pennsylvania's test. None of the ten factors is "dispositive." Williams, 837 F.3d at 320. The "most important" factor, however, is the "right to control" the manner in which the work is done. Id. at 321; see also Morin, 871 A.2d at 850 (describing the right to control as "[p]aramount"); Lynch v. W.C.A.B., 554 A.2d 159, 160 (Pa. Commw. Ct. 1989) (identifying that the right to control is "most persuasive"). "Control" means more than controlling another's "work product." C E Credits OnLine v. Unemployment Comp. Bd. of Rev., 946 A.2d 1162, 1169 (Pa. Commw. Ct. 2008). Rather, it means "control over the time, place and manner of performance." Id. That distinction is important because all jobs involve some type of control. As the Commonwealth Court of Pennsylvania has explained, "[e]very job, whether performed by an employee or by an independent contractor, has parameters and expectations." Id. In other words, while a client can set the parameters and expectations it has for an independent contractor's performance, only an employer can both set parameters and expectations *and* direct the time, place, and manner in which an employee accomplishes them.

In this case, the right-to-control factor favors independent-contractor status. To be sure, Pepperidge Farm—which pays Plaintiffs to deliver its products—has expectations about the results of Plaintiffs' work. Still, Pepperidge Farm has little ability to control

5

the time, place, and manner in which Plaintiffs achieve those ends. As just a few examples of Plaintiffs' autonomy, Plaintiffs can: choose their distribution routes by buying and selling them, organize their distribution businesses as they like, hire employees to do their work for them, set their own hours, and make deliveries when and how they see fit. This evidence shows that Pepperidge Farm's "control" is generally limited to setting forth its expectations regarding the results of Plaintiffs' work and that Pepperidge Farm has little right to control the time, place, and manner in which they work. See, e.g., C E Credits OnLine, 946 A.2d at 1169 (holding that "absence of day-to-day supervision" supports independent-contractor status); Morin, 871 A.2d at 850 (finding independent-contractor status where worker could "open and close" on his own schedule and conduct "day-to-day business … in the manner [he] saw fit"); Johnson v. W.C.A.B., 631 A.2d 693, 698 (Pa. Commw. Ct. 1993) ("Employees are generally not empowered with hiring other personnel.").

Plaintiffs argue that several facts show Pepperidge Farm has the right to control their work. None of the facts Plaintiffs cite are persuasive. Some facts Plaintiffs cite merely show the kind of control over results that is expected when a company hires independent contractors to do its work. These include the fact that Pepperidge Farm gives them customer-created "planograms" showing where to place products in certain retail stores and that it has rules about things like food safety and stale products. Opening Br. 26. Others, when viewed in light of all the facts, are insufficient to demonstrate Pepperidge Farm's comprehensive right to control the time, place, and manner of their work—for instance, that Pepperidge Farm requires them to use "a particular handheld

6

computer" needed to connect them to Pepperidge Farm's inventory system; expects Plaintiffs to follow the same rules that all people follow when in its warehouses; and, on three occasions over fourteen years, communicated to one Plaintiff customer requests regarding store displays. Id. at 27. Taken in context of the full record, none of the facts relied upon by Plaintiffs show that Pepperidge Farm has the right to control their work in a way that indicates an employment relationship.

## C.    Other Factors

The District Court decided that seven of the remaining nine factors show that Plaintiffs are independent contractors. We agree. On appeal, Plaintiffs argue at length that those factors reflect they are employees and cite many facts in support. For instance, Plaintiffs argue that when considering "which party supplies the tools," we should conclude this factor favors employment status because Pepperidge Farm provides certain "infrastructure" and the "depot" for storing products. Opening Br. 44–45. Plaintiffs, however, supply the vast majority of their own tools, including the trucks and delivery equipment that they use to deliver products from the depots to stores. This significantly alters the balance against the Plaintiffs in considering this factor. Plaintiffs also argue that Pepperidge Farm has the "right to terminate [them] at any time." Id. at 24. Pepperidge Farm does not have employer-like discretion to terminate them at will, though. Rather, Plaintiffs' contracts provide that Pepperidge Farm can only terminate the agreement (a) for certain enumerated "causes" or (b) by exercising an option to buy the distribution route for 125% of its fair market value. JA 51–52, 61–62, 74–75. Again, viewing all undisputed facts in the light most favorable to the Plaintiffs, this factor still

7

weighs against them. We find Plaintiffs' other arguments similarly unpersuasive for the same reasons set forth by the District Court and thus will not repeat all of those arguments here.

As noted above, the District Court decided that two factors—whether Plaintiffs' work is part of Pepperidge Farm's "regular business" and whether Plaintiffs' business is "distinct" from Pepperidge Farm's—were either neutral or could favor an employment relationship. JA 28–29. Those isolated points are not "dispositive," Williams, 837 F.3d at 320, and do not outweigh the other factors that reflect Plaintiffs' status as independent contractors, see Faush v. Tuesday Morning, Inc., 808 F.3d 208, 215 (3d Cir. 2015) ("When a legal standard requires the balancing of multiple factors, as it does in this case, summary judgment may still be appropriate even if not all of the factors favor one party, so long as the evidence so favors the movant that no reasonable juror could render a verdict against it." (quotation marks omitted)).

III.    CONCLUSION

In sum, we agree with the District Court's conclusion that Plaintiffs are not employees under the WPCL. Because Plaintiffs are not employees under the WPCL, their claims fail, and we will affirm.

8